IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CRAWFORD WALDRUP, III** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | No. 3:11-CV-02705-N (BF) |
| v. | § | |
| | § | |
| **COMMUNITY WASTE DISPOSAL,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this case to United States Magistrate Judge Paul D. Stickney for pretrial management. Before the Court for consideration is the Motion to Dismiss (doc. 7) of Defendant Community Waste Disposal, L.P. ("Defendant") filed on November 7, 2011. On November 14, 2011, Plaintiff Crawford Waldrup, III ("Plaintiff") filed a Supplemental Jurisdiction of Claim (doc. 12), which this Court will consider as his Response. On January 9, 2012, Defendant filed an Amended Motion to Dismiss for Lack of Jurisdiction (doc. 13) that addressed issues in Plaintiff's Response. Thus, the Court will consider this Amended Motion to Dismiss as Defendant's Reply. Defendant seeks dismissal of this action for lack of subject-matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1) and for failure to state a claim pursuant to FED. R. CIV. P. 12(b)(6). Based on the following reasons, the Court recommends that the Motion to Dismiss should be **GRANTED**.

### Background

Plaintiff, an experienced mover, was an employee at Kimber Relocation Services for over ten years. (Pl. Compl., Ex. A ¶ 1.) On October 12, 2009, Plaintiff alleges that he was stacking furniture on a company truck's trailer bed when Defendant's garbage truck backed into the company

truck.  (Pl. Compl., Ex. A ¶¶ 2-4.)

Plaintiff initiated this suit *pro se* and in his Complaint, Plaintiff alleges personal injury claims against Defendant, including violations of the Fair Labor Standards Act, Civil Rights Act, and Eighth Amendment.

### Rule 12(b)(1) Legal Standard

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).  Only if the plaintiff cannot prove any of the facts supporting his claim, which would provide him relief, should a case be dismissed for want of subject matter jurisdiction.  *Id.* (citing *Benton v. United States,* 960 F.2d 19, 21 (5th Cir. 1992)).

In ruling on a motion to dismiss pursuant to Rule 12(b)(1), the court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).  However, in those cases where the defendant claims a lack of jurisdiction because of the lack of an element in plaintiff's federal cause of action, the court should limit its jurisdictional review to facial scrutiny.  *Lewis v. Knutson,* 699 F.2d 230, 237 (Tex. App. 1983) (citing *Williamson,* 645 F.2d at 415).  Factual scrutiny of the federal cause of action should be reserved for the Rule 12(b)(6) analysis on the merits of the claim.  *Id.*  Thus, a court's jurisdictional analysis will be limited to looking at the face of the complaint to determine if recovery is being

sought under federal law or the Constitution. *Nowak,* 81 F.3d at 1189. Here, Defendant claims a lack of jurisdiction because of a lack of a federal cause of action, and therefore, the Court's jurisdictional scrutiny will be limited to an examination of the face of the complaint.

### **Federal Question Jurisdiction**

To find that subject matter jurisdiction exists, the Court must have statutory or constitutional power to adjudicate a claim. *See Home Builders Ass'n*, 143 F.3d at 1010. Plaintiff alleges that the Court has federal question jurisdiction pursuant to 28 U.S.C. §1331 because it has statutory power under the Jones Act, the Longshoreman's and Harbor Workers' Compensation Act, and 42 U.S.C. § 1983.

The Jones Act, 46 U.S.C. § 30104 *et seq.*, permits "[a] seaman injured in the course of employment" to sue his employer for negligence. 46 U.S.C. § 30104. Here, Plaintiff is not a seaman and cannot establish liability under the Jones Act. 46 U.S.C. § 30104(a).

The Longshoreman's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*, covers injuries "occurring upon the navigable waters of the United States." 33 U.S.C. § 903(a). Plaintiff sustained injuries while working for his employer "stacking clients' furniture . . . [on] the corner of a street." (Pl. Compl., Ex. A ¶ 2.) Thus, Plaintiff cannot establish liability under the Longshoreman's and Harbor Workers' Compensation Act.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) a right that is secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff does not meet either element. Regardless of Defendant's alleged violation, Defendant's conduct does not constitute actions "under color of state law" since they are

not "fairly attributable to the State." *See Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). Defendant is a private company, and thus, Plaintiff has failed to show that Defendant can be considered a "state actor" pursuant to § 1983. Therefore, Defendant cannot be subject to a suit under 42 U.S.C. § 1983.

Furthermore, in his Motion to Dismiss, Defendant argues that the Court lacks subject matter jurisdiction because Plaintiff failed to allege diversity of the parties or that the amount in controversy exceeds $75,000.00, exclusive of interest and costs. (Def. Mot. to Dismiss at 3.) Plaintiff fails to allege diversity of the parties. However, diversity could not exist because Plaintiff resides in Dallas, Texas as made evident in his Complaint (Pl. Compl. at 4) and Defendant is a limited partnership registered with the Texas Secretary of State. (Def. Mot. to Dismiss at 3.) In his Complaint, Plaintiff is seeking a sum in the amount of $50,000.00, which is not sufficient to meet the amount in controversy requirement of § 1332. (Pl. Compl. ¶ 3(b),(c).)

For the foregoing reasons, the Court finds that it does not have subject matter jurisdiction pursuant to 28 U.S.C. § 1331 or 28 U.S.C. § 1332.

### **Rule 12(b)(6) Legal Standard**

FED. R. CIV. P. 8(a)(2) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." According to the United States Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must be able to draw the reasonable inference from the pleading that the defendant is liable for the misconduct alleged. *Id*. (citing *Twombly*, 550 U.S. at 556). A defendant may seek a Rule 12(b)(6) dismissal if a pleading fails to establish facial

4

plausibility. *See* FED. R. CIV. P. 12(b)(6); *id*. at n3.

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action is not sufficient. *Twombly*, 127 S.Ct. at 1964-65. Factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.* In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A court cannot look beyond the pleadings when resolving a Rule 12(b)(6) controversy. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

### **Legally Cognizable Claims**

The Court must construe a *pro se* Plaintiff's allegations liberally and hold him to a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Under this standard, the complaint should not be dismissed unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957). With this more lenient standard in mind, the Court turns to consideration of Plaintiff's Complaint.

In his Complaint, Plaintiff alleges claims against Defendant arising from violations of the Fair Labor Standards Act, Civil Rights Act, and the Eighth Amendment. Defendant moves to dismiss each of these claims. The Court will now examine the Plaintiff's Complaint to determine

whether the factual allegations of each cause of action are facially plausible.

**(1) Fair Labor Standards Act**

Plaintiff is suing under the Fair Labor Standards Act, specifically § 216 for damages. For purposes of the Fair Labor Standards Act, the terms "work" or "employment" were defined as "physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his business." *IBP, Inc. v. Alvarez*, 546 U.S. 21, 25 (2005) (quoting *Tenn. Coal, Iron & R.R. Co. v. Muscoda Local No. 123*, 321 U.S. 590, 597 (1944)).

Plaintiff's action seeks damages for personal injuries allegedly sustained by Defendant's truck. Here, Plaintiff was employed by Kimber Relocation Services and on duty with his company at the relevant time. Plaintiff was not in the employ of Defendant or working for the benefit of Defendant's business. Therefore, the Fair Labor Standards Act does not apply to Plaintiff's claims. The District Court should find that Plaintiff cannot support a cause of action under the Fair Labor Standards Act and has failed to state a claim upon which relief may be granted.

**(2) Civil Rights Act of 1964**

Plaintiff is suing under Title VII of the Civil Rights Act of 1964. In pertinent part, the Civil Rights Act of 1974 was enacted to make unlawful employment practices that discriminated against or adversely affected an employee's status based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e, *et seq.* Plaintiff contends that Defendant is in violation of § 701(a), (b), which define the terms "person" and "employer." 42 U.S.C. §§ 2000e(a),(b). Plaintiff contends in addition that Defendant is in violation of §§ 703 and 704(a), which the former section generally forbids racial discrimination in any employment decision while the latter forbids discrimination against applicants

6

or employees for attempting to protest or correct allegedly discriminatory conditions of employment. 42 U.S.C. §§ 2000e-2(a), 2000e-3(a).

Here, there are no facts to indicate Plaintiff was discriminated against or adversely affected in an employment decision by Defendant. Plaintiff does not allege he ever applied to work for Defendant or that he ever filled out an application for employment. Again, Plaintiff is not an employee of Defendant, and Defendant is not considered his "employer." The District Court should find that Plaintiff cannot support a cause of action under Title VII of the Civil Rights Act and has failed to state a claim upon which relief may be granted.

### (3) Eighth Amendment to the United States Constitution

Plaintiff asserts a violation of the Eighth Amendment to the United States Constitution citing to its prohibition against "cruel and unusual punishment." (Pl. Compl., Ex. A ¶ 7.) In his Motion to Dismiss, Defendant argues that Plaintiff has failed to state a cause of action under the Eighth Amendment or as a private right of action pursuant to 42 U.S.C. § 1983. (Def. Mot. to Dismiss at 5.) The Supreme Court has stated that the primary concern when drafting the Eighth Amendment's prohibition of cruel and unusual punishments "was proscribing 'tortures' and other 'barbarous' methods of punishment." *Gregg v. Georgia*, 428 U.S. 153, 170 (1976). This means, at least, that the punishment not be "excessive" or "must not be grossly out of proportion to the severity of the crime." *Id.* at 173. In this context, Plaintiff has misconstrued the phrase "cruel and unusual punishment" as there is no excessive punishment or criminal sanctions involved in this matter.

Additionally, to state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) a right that is secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under the color of state law. *West*, 487 U.S. at

7

48. Plaintiff has failed to allege a right secured by the Constitution was violated. Also, Plaintiff has failed to sufficiently connect Defendant's conduct with the "state action" requirement under § 1983. "Careful adherence to the 'state action' requirement preserves an area of individual freedom by limiting the reach of federal law and federal judicial power." *Lugar*, 457 U.S. at 936. In other words, Plaintiff's alleged deprivation of rights are "protected only against infringement by governments," not against private companies. *Id.* Here, Defendant is a private company and thus not a state actor.

The Court finds that Plaintiff has not alleged sufficient facts for a violation of the Eighth Amendment or under § 1983, and Plaintiff has failed to state a claim upon which relief may be granted. In sum, Plaintiff's Complaint is void of any legally cognizable claims.

### Recommendation

The Court recommends that the District Court **GRANT** Defendant's Motion to Dismiss (doc. 7). This Court does not have subject matter jurisdiction and Plaintiff has not alleged legally cognizable causes of action against Defendant. Furthermore, the Court recommends DENYING as MOOT Plaintiff's Motion for Settlement Conference Hearing (doc. 15) and Defendant's Motion for Hearing (doc. 20). Additionally, the Clerk of the Court should be instructed to term Defendant's Amended Motion to Dismiss (doc. 13), as this Court considered it a reply instead of a pending motion.

SO RECOMMENDED, March 26, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).